[ *383 ]
*Stores, C. J.
The only question on the merits of this case which has been presented to us is, whether the defendants, or either of them, by their attachments of the stock of the Plant Manufacturing Company, acquired a lien on it which should prevail, as well over the sale of it by the firm of Conant, Dodge & Co. to the firm of Conant & Co., and the transfer of it.to the defendant Plant, as over the subsequent assignments to the ■ plaintiff by those firms respectively, which are claimed to embrace that stock.
We are of the opinion, in the first place, that the sale of the stock by Conant, Dodge & Co., in connexion with the arrangement of which it was a part, and the execution of that arrange *313 ment, was clearly fraudulent as to tlieir creditors, as being intended and calculated to place the property beyond the reach of those creditors. Considering, for-the purposes of this question, the sale of the stock from Conant, Dodge & Co. to Conant & Co., which was not attended with a transfer of it on the books of the Plant Manufacturing Company, and which could therefore pass only an equitable title to the latter firm, to stand on as high ground, in regard to the creditors of Conant, Dodge & Co., as if a legal title to the stock had been transferred by them, that sale was fraudulent and void as to those creditors on the plainest and most familiar principles, since it is found that it was not only made with the intention of preventing the stock from being attached by them, but the legal title to it was, in pursuance of that intention, by one of the members of both firms subsequently caused to be transferred to Plant, one of the defendants, without any consideration, to be held by him merely in trust for Conant & Co., and for the purpose of his transferring it, not to any specified or particular creditors of that firm, or for the benefit of their creditors generally, but only to such of their creditors as they should thereafter designate. This, therefore, was a disposition of the stock, made with an intent to keep it from the creditors of Conant, Dodge ■& Co., expressly found, and not merely inferable from circumstances, and of such a character that, if sustained, it would place the property beyond the reach of those creditors *by any legal process. It was [ *384 ] therefore plainly fraudulent and void as to those of the respondents who attached the property, and who are found to be, and must therefore, for the purpose of this case, be deemed to be, such creditors. Camp v. Bates, 11 Conn., 51. It is equally clear for the same reasons, that the disposition of the stock by Conant & Co., after the sale to them by Conant, Dodge & Co., was also equally fraudulent as to the creditors of Conant & Co.
The plaintiff, however, claims that, although the disposition of the stock by Conant & Co. may have been fraudulent as to the creditors of that firm, the transfer of it to them by Conant, Dodge & Co., notwithstanding it was designed to protect it from attachment by the creditors of the latter firm, could not be fraudulent as to those creditors, because it was made and received in payment of an honest debt due from Conant, Dodge & Co. to Conant & Co.; on the ground that it was only a lawful preference of a particular creditor, of which fraud can not be predicated, and that the sale by Conant, Dodge & Co., being therefore valid as to their creditors, it is not competent for the defendants, who claim here, and who have attached the stock, as their cred *314 itors only, to dispute -the validity of the subsequent transfer of the stock to Plant, and that none except the creditors of Conant & Co. can question- that transfer. If the firm of Conant, Dodge & Co. had been composed of different persons entirely from those composing the other firm, it might be necéssary to consider whether a transfer of. property-by the' former firm, for the purpose of paying an honest debt due from them to the latter, could be impeached-by the creditors of the former firm on the' ground that it was made with an intention of defrauding those creditors, or of preventing- them from appropriating the property by legal process for the payment of their debts'; but when it is considered that' some of the persons who composed the firm of Conant, Dodge & Oo. were also members of that of Conant & Co., and that, as the whole arrangement respecting this stock was made by Conant, who acted for, and whose conduct and intention must- be imputed to both of these' firms, the members [ *385 ] of both must be held to have *combined together for the purpose of placing the stock beyond the - reach of the creditors of either, it is obvious that the general principle that a debtor may, in the disposition of liis property, lawfully prefer some of his creditors to others, is rendered inapplicable to the present case, and the question'suggested by the pláin'tíff need not therefore be examined'. The twu firms being composed in part of the same persons, the effect of the sale from one to the other of them was not to divest those members of the'firm by whom it was sold of their interest in the stock ; they not only retained their original interest in it before the sale, but that interest was increased. Those members, after the sale to Conant & Co., were still holden for the debts of Conant, Dodge & Co., as much as they were before that sale, and all their interest in the stock in question-, subject to-an adjustment of the concerns of Conant & Co., between its members, was- liable to attachment by the creditors of the firm of Conant, Dodge & Co. And it does not appear, nor is it therefore'to be taken, that the'interest in the stock of those members of the latter firm' who belonged to the other, would,.in a settlement of the concerns' of Conant & Co.* have-been impaired, when the stock was attached by the defendants,-who are the creditors of Conant, Dodge & Co. Therefore* as the case-appears- before ús, there was an interest in the stocki in the; members of the firm' of Conant & Co.', who had been members of the other firm* which was liable to that attachment. -Hence -it is obvious that tide’ disposition of' this stock, by which the title to it was-vested'in Plant, would, if successful, deprive the- defendants,- who áre creditors cif Conant^ Dodge & Co., of a fund to which they were entitled to resort; *315 and being, as is found, made with that intent, it is, as to them, fraudulent and void. The attachment of the stock in question by those defendants is therefore valid, against the transfer of it to Plant the other defendant.
The plaintiff further relies on the assignments to him of the stock in question by the firms of Conant, Dodge & Co. and Conant & Co., as vesting in him a title to that stock prior to the attachment of it by those creditors. No such title *could pass to the plaintiff by the assignment of [ *386 J Conant, Dodge & Co.’, because that assignment did not embrace this stock, it not being included in the schedule annexed to the assignment. The only question therefore is, whether'it passed to him by the assignment from Conant &-Co., in the schedule annexed to which it was embraced. The only title which Conant & Co. ever had to that stock was that which was attempted to be transferred to them by Conant, Dodge & Co., and that transfer has already been shown to be invalid as against the defendants. The effect of setting aside that transfer was to leave the title to it in Conant, Dodge & Co., to whom it originally belonged, and who only could transfer it- to the plaintiff, but from whom it appears that the plaintiff has never received any assignment or transfer of it, it not being embraced in their assignment to the plaintiff. In " this view the plaintiff shows no title to the stock which can be good against the creditors of Conant, Dodge & Co.
The assignment from Conant & Co. to the plaintiff being invalid, independently of the provisions of the first section of the insolvent act of 1853, (Rev. Stat., ed. 1851, p. 512,) it is unnecessary to determine the construction of the act of 1855, in addition to that act, (Acts of 1855, ch. 68, p. 83,) by which the plaintiff has insisted that that assignment was made effectual to convey the stock in question to the plaintiff.
We are therefore of the opinion that the situation of the stock should hot be disturbed at' present; and that this bill should be dismissed; without prejudice, hotvever, to the right of the plaintiff to bring another Suit, if his position in regard to the stock should be changed by any change in its condition.
In this opinion the other judges concurred. -
Advice that bill be dismissed.